UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

ANTONIO FERNANDO BRICE, a/k/a
Tony,
<u>Defendant-Appellant.</u>

No. 00-4075

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-1186-JFA)

Submitted: December 15, 2000

Decided: January 10, 2001

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James P. Rogers, Columbia, South Carolina, for Appellant. Marshall
Prince, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Antonio Fernando Brice appeals his guilty plea conviction for conspiracy to possess with intent to distribute cocaine and cocaine base. The district court sentenced Brice to 135 months of imprisonment. His attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that in his view there are no meritorious grounds for appeal but raising two issues: whether the district court (1) properly complied with Fed. R. Crim. P. 11 at his plea hearing, and (2) properly sentenced him. Brice also has filed a pro se supplemental brief.

We do not address the issues raised by counsel or Brice, however, because Brice waived his right to appeal his sentence, except for circumstances not present in this appeal. The record reveals that Brice knowingly waived his appellate rights in a valid plea agreement, <u>United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146 (4th Cir. 1995), and that the district court carefully reviewed the provisions of the plea agreement with Brice at his plea hearing. The transcript of the plea hearing shows that the district court fully complied with the dictates of Fed. R. Crim. P. 11. <u>United States v. Wiggins</u>, 905 F.2d 51, 53-54 (4th Cir. 1990) (holding that if the district court fully questions a defendant regarding waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable). Also, we find none of the exceptions to the waiver rule present in this appeal. <u>See United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Attar</u>, 38 F.3d 727, 732-33 (4th Cir. 1994). Thus, we find that Brice has waived his right to this appeal and we dismiss. <u>Wiggins</u>, 905 F.2d at 53-54.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If his client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy

2

thereof has been served on his client. We grant Brice's motion to deconsolidate this case from <u>United States v. McCrorey</u>, No. 00-4076.

<u>DISMISSED</u>

3